

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable W. A. Morrison
Criminal District Attorney
Cameron, Texas

Dear Sir:

                              Opinion No. O-3396
                              Re: Duty of Tax Collector
                                  under H.B. 76, 47th
                                  Legislature, remitting
                                  certain penalties and
                                  interest

        In your letter of July 7, 1941, you request our opinion in response to these four questions:

        "I.  Would the Tax Collector be relieved of any liability in the event he demanded and received from the taxpayer an affidavit, at the time he pays his delinquent taxes, that he owes no delinquent taxes on any other property?

        "II. Milam County has no block map and it would be a physical impossibility for the Tax Collector's office to run a tax title on any property in accepting delinquent taxes less penalty and interest. Would the Tax Collector be sufficiently protected if their records fail to show any other property than that paid on rendered in the taxpayer's name? By this I mean, if a man owned two lots in 1919 and has owned them continuously to date but purchased two other lots in 1936, will it be mandatory that the Tax Collector satisfy himself that these two lots purchased in 1936 had no delinquent taxes against them prior to their purchase by the taxpayer?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable W. A. Morrison, Page 2

"III.  If a taxpayer seeks to pay all the delinquent taxes on real estate rendered in his name, may the Tax Collector accept payment without penalty and interest when the taxpayer at the same time owes delinquent personal property tax?

"IV.  Since the passage of House Bill 76 the 1940 taxes are now delinquent, on which the taxpayer must pay full penalty and interest.  May the Tax Collector accept payment of taxes up to but not including 1940 without penalty and interest or must the 1940 taxes, together with the penalty and interest thereon, be paid in order for the taxpayer to take advantage of the above law?"

It is the duty of the tax collector to exercise reasonable diligence and care in performing the duties of his office, and he is liable on his bond for loss to the State resulting from his remissness or neglect.  See Mast v. Nacogdoches Co., 71 Tex. 380; Ward v. Marion Co., 62 S. W. 557, 63 S.W. 155; 61 C. J. 1034.  In our opinion No. O-3657 we expressed the view that a property owner paying all his delinquent ad valorem taxes (which were delinquent on July 1, 1940) on or before November 1, 1941, would be relieved of penalties and interest thereon.  Further, that if he should pay the delinquent ad valorem due on only a part of his property, leaving delinquent taxes against other property unpaid, he should be charged a 6% penalty on the amount thus paid.  Manifestly, the tax collector would be compelled to exercise due care to ascertain that the property owner owed no other delinquent ad valorem taxes, before accepting payment of tendered delinquent ad valorem taxes, unaccompanied by the 6% penalty, and issuing a full receipt thereon.  Just what acts would constitute due care is a question we cannot answer.  They might vary in different cases.  We think, however, that problems of this nature may be reduced to a minimum through close collaboration with the office of the State Comptroller. The above is in response to your first question, which we cannot answer categorically.

Addressing ourselves to your second question, we think the collector should satisfy himself by the best practicable means that the property owner is paying all the delinquent taxes against the lots purchased in 1936, before accepting the delinquent taxes without the 6% penalty.

Honorable W. A. Morrison, Page 3

We cannot say just what acts on the part of the collector might be taken as sufficient diligence on his part, in case he should be called upon to establish that he had been duly diligent.

We have already held that to obtain the benefit of a full remission of penalties and interest and avoid payment of the 6% penalty, a taxpayer must pay his delinquent personal property taxes, as well as his delinquent real property taxes. Our opinion No. O-2968. We therefore answer your third question in the negative.

Section 1 of H. B. 76, 47th legislature, releases penalties and interest on ad valorem taxes which were delinquent on July 1, 1940, provided payment is made on or before November 1, 1941. Section 3 of the Act reads:

"Anyone desiring to pay at one time all the delinquent taxes for only one year wherein such taxes are delinquent for more than one year shall have the right to pay the same but without remission of penalties and interest; provided, however that any persons availing themselves of the benefits of this Act shall be required to pay all delinquent ad valorem taxes due the State and county on any specific piece of property on which such taxes are delinquent before the penalties and interest may be released as herein provided; conditioned that a six per cent (6%) penalty on the total amount delinquent be paid on such property."

Since 1940 taxes are now delinquent they will have to be paid, under the plain provisions of the second clause in Section 3, in order for the taxpayer to obtain a remission under the Act. This answers your fourth question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis
Glenn R. Lewis
Assistant

GRL:fs

APPROVED AUG 18, 1941

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY